UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAE B.,

               Plaintiff,

            v.                                      **DECISION AND ORDER**
                                                                        19-CV-1422S
COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

      1.      Plaintiff Mae B.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her application for disability insurance benefits under Title II of the Act. (Docket No. 1.) The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      2.      Plaintiff filed her application with the Social Security Administration on March 30, 2016. (R.[2] at 91.) Plaintiff alleged disability beginning on May 6, 2013, due to tremors, asthma, drooling, and late speech affect. (R. at 81-82.) Plaintiff's application was denied, and Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ"). On July 27, 2018, ALJ Mary Mattimore held a hearing, at which Plaintiff, represented by her attorney, appeared and testified. (R. at 28-80.) Vocational Expert Eric Dennison also appeared and testified by telephone. At the time of the hearing, Plaintiff was 62 years old, with a twelfth-grade education and prior work experience in medical records and as a patient service representative. (R. at 81, 38-39.)

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by his first name and last initial.
[2] Citations to the underlying administrative record are designated as "R."

3. The ALJ considered the case *de novo* and, on September 4, 2018, issued a written decision denying Plaintiff's application for benefits. (R. at 15-23.) On August 26, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 1.) Plaintiff then filed the current action on October 24, 2019, challenging the Commissioner's final decision.[3]

4. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 8, 10.) Plaintiff filed a response on July 13, 2020 (Docket No. 13), and Defendant filed a sur-reply on July 21, 2020 (Docket No. 16), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion is denied, and Defendant's motion is granted.

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the

---

[3] The ALJ's September 4, 2018, decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

6. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

8. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or

> mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

9. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity from May 6, 2013, through her date last insured of March 31, 2017. (R. at 17.) At step two, the ALJ found that Plaintiff has the severe impairments of essential tremors in

her hands, lumbar degenerative disc disease, asthma, right ring finger trigger finger, and right dorsal ganglion cyst. (Id.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (R. at 18.)

11. Next, the ALJ found that Plaintiff retains the residual functional capacity ("RFC") to perform sedentary work, except she

> can lift and carry 15 pounds maximum (frequently and occasionally), stand and/or walk for 4 hours in an 8 hour day, and occasionally climb ramps, stairs, ladders, ropes, scaffolds, balance, stoop, kneel, crouch and crawl. She can frequently finger and handle bilaterally. She cannot be exposed to temperature extremes, humidity, wetness, fumes, odors, dust, gases, or poor ventilation.

(R. at 18-19.)

12. At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a receptionist. (R. at 22.) Accordingly, the ALJ found that Plaintiff is not disabled. (Id.)

13. Plaintiff argues that the ALJ's opinion is not supported by substantial evidence because the RFC of frequent fingering and handling does not account for her hand tremors. She also argues that the RFC did not take into account the limitations caused by her right trigger finger and ganglion cyst. Defendant argues that the ALJ's decision is supported by substantial evidence.

14. RFC is "what an individual can still do despite his or her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2). It is the claimant's burden to demonstrate limitations that preclude any substantial gainful

activity. See 42 U.S.C. § 423 (d)(5)(A); 20 C.F.R. §§ 404.1512 (a), 416.912 (a); 404.1545 (a)(3); 416.945 (c); see also Bowen, 482 U.S. at 146 n.5 (describing burdens). In determining whether this burden is met, the ALJ assesses the claimant's RFC based on all the relevant medical and other evidence in the record. 20 C.F.R. §§ 404.1545 (a)(1), 416.945 (a)(1). Such evidence includes, inter alia, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations. 20 C.F.R. §§ 404.1513 (a)(1)-(5); 416.913 (a)(1)-(5).

15. While medical opinions provide important insights regarding on a claimant's functioning, it is ultimately the ALJ's task to formulate an RFC assessment based on the record as a whole. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) ("Although we consider opinions from medical sources on issues such as ... your residual functional capacity ... the final responsibility for deciding these issues is reserved to the Commissioner."). "Although [an] ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he [or she is] entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." Matta v. Astrue, 508 F. App'x. 53, 56 (2d Cir. 2013) (unpublished opn.). A court will "defer to the Commissioner's resolution of conflicting evidence, and accept the weight assigned to the inconsistent opinions as a proper exercise of the ALJ's discretion." Smith v. Berryhill, 740 F. App'x 721, 726 (2d Cir. 2018).

16. Plaintiff had experienced hand tremors her whole adult life, but only sought treatment for them beginning in 2013. (R. at 324-25.) She tried different medications, but experienced side effects with all of them, and ultimately did not take medications for her hand tremors. (R. at 323-24, R. at 392; R. at 376; R. at 367.) On March 7, 2014, she

denied any worsening of her essential tremor and did not report any significant difficulty with eating or writing (R. at 317-18.) On March 25, 2016, Plaintiff reported increased difficulty with her tremor, but examination showed that it was stable. (R. at 313, 315.) Plaintiff reported that she had trouble cooking, writing, and fixing her hair. (R. at 364.)

17. On October 16, 2016, Plaintiff was diagnosed with a ganglion cyst and right ring trigger finger. (R. at 407.) She received a cortisone shot in her right ring finger (R. at 409-10.) At a return visit, Plaintiff reported that the cortisone shot had worked for three to four months. (R. at 412.) She reported that the cyst was asymptomatic. (Id.)

18. Plaintiff underwent a consultative internal medical examination on June 17, 2016, with Dr. John Schwab. Dr. Schwab observed bilateral hand tremor, but intact hand and finger dexterity, full grip strength bilaterally, and the ability to button, zip, use Velcro, and tie a bow and knot with both hands. (R. at 335-37.) Dr. Schwab diagnosed tremors in her hands and asthma. He opined that Plaintiff should avoid respiratory irritants but did not assess any limitations as to Plaintiff's hands. (R. at 338.)

19. On June 14, 2018, Plaintiff's primary care physician Dr. Robert Roche signed a medical source statement covering the period from January 1, 2012 to the present. He opined that Plaintiff was limited to lifting and carrying 15 pounds and could stand and walk four hours per day. Dr. Roche did not assess any hand limitations. (R. at 417).) Dr. Roche opined that Plaintiff had limitations in lifting and could stand and/or walk only up to four hours a day, but she had no limitation on sitting, on her ability to push or pull, and no other limitations. (R. at 417.) In other words, Dr. Roche did not assess any limitations in the use of Plaintiff's hands, including her ability to finger or manipulate.

20. On a review of the medical record, agency single decisionmaker Nicholas Graziano opined that Plaintiff was capable of occasional fingering. (R. at 88.) At her hearing, Plaintiff testified that she had limited use of her hands, and could not cook much, sew, or type properly. (R. at 48-49.) The ALJ observed her hands visibly shaking. (R. at 51-52.)

21. In formulating Plaintiff's RFC, the ALJ considered the opinions of Dr. Schwab and Dr. Roche along with Plaintiff's testimony. The ALJ gave Dr. Schwab's opinion significant weight because it was based on physical examination and Dr. Schwab performed a thorough examination of Plaintiff's hands. (R. at 21.) The ALJ gave great weight to Dr. Roche's opinion because he was a treating physician with a long-term relationship with Plaintiff and his opinion was consistent with the treatment records. (R. at 21-22.) Both of these were proper assessments of the medical opinion evidence. See 20 C.F.R. § 404.1527 (a)(1)-(6).

22. The record contains conflicts between what Plaintiff stated she could do with her hands and how physicians assessed her limitations. Plaintiff argues that the ALJ should have come to a more limited assessment and found her capable of only occasional fingering. But no doctor, after examining Plaintiff, and, in Dr. Roche's case, with a long-term relationship with Plaintiff, assessed *any* limitations. The ALJ's restriction to frequent fingering, a reduction from constant fingering, in fact, takes into account Plaintiff's testimony against the backdrop of the medical opinion evidence which found no limitations. It is not error for an ALJ to impose greater limitations than those stated in medical opinions. See Gonzalez v. Colvin, No. 1:15-CV-00767 (MAT), 2018 WL 1040256, at *5 (W.D.N.Y. Feb. 24, 2018) (finding substantial evidence supported denial of benefits

where ALJ's RFC assessment contained greater restrictions than those in medical opinions). This Court finds no error in the ALJ's assessment of frequent bilateral fingering and handling.

23. Plaintiff also argues that the ALJ erred by finding her trigger finger and ganglion cyst to be "severe," yet not adding more limitations to the RFC based on these issues. To begin, the fact that the ALJ found Plaintiff's trigger finger and ganglion cyst severe at Step 2 does not necessarily mean that the condition warrants a limitation in the RFC. See McIntyre v. Colvin, 758 F.3d 146, 151 (2d Cir. 2014) ("[A]n ALJ's decision is not necessarily internally inconsistent when an impairment found to be severe is ultimately found not disabling: the standard for a finding of severity under Step Two of the sequential analysis is de minimis and is intended only to screen out the very weakest cases.") (citing Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995)).

24. Further, substantial evidence supports the ALJ's determination. Although Plaintiff argues that relying on Dr. Schwab's opinion with no fingering limitations was error because his opinion predated the diagnoses of trigger finger and ganglion, Dr. Roche's was generated after that diagnosis, and likewise contains no limitations. Dr. Roche, in fact, had referred Plaintiff to the doctor who diagnosed Plaintiff with trigger finger and ganglion, and was familiar with her condition. Even with this familiarity, Dr. Roche assessed no restrictions in fingering. It was not error for the ALJ to rely on this opinion in formulating Plaintiff's RFC.

25. In her response, Plaintiff argues for the first time that the ALJ failed to consider the opinion of agency reviewer Nicholas Graziano that she was capable of only occasional fingering. "As an initial matter, the Court need not consider arguments raised

9

for the first time in reply papers." Majdandzic v. Comm'r of Soc. Sec., No. 17-CV-1172-FPG, 2018 WL 5112273, at *5 (W.D.N.Y. Oct. 19, 2018).

26. Further, a single decisionmaker ("SDM") is not a physician. "SDMs are non-physician disability examiners who may make the initial disability determination in most cases without requiring the signature of a medical consultant." Palmer v. Berryhill, No. 1:17-CV-00813-MAT, 2019 WL 1315052, at *3 (W.D.N.Y. Mar. 22, 2019) (citing Barrett v. Berryhill, 286 F. Supp.3d 402, 429 (E.D.N.Y. 2018) (internal citations and quotation marks omitted)). In fact, it is error for an ALJ to give weight to the opinion of a SDM. See, e.g., Curtis v. Astrue, No. 11-CV-786 GTS/VEB, 2012 WL 6098258, at *6 (N.D.N.Y. Oct. 30, 2012), report and recommendation adopted, No. 5:11-CV-0786 GTS/VEB, 2012 WL 6098256 (N.D.N.Y. Dec. 7, 2012) (noting that in 2010, the Chief ALJ for the Social Security Administration ("SSA") issued a memorandum citing SSA's Program Operations Manual System ("POMS") Instruction DI 24510.050C and instructing all ALJs that RFC determinations made by SDMs should not be afforded any evidentiary weight at the administrative hearing level); Czerniak v. Berryhill, No. 17-CV-6123(JWF), 2018 WL 3383410, at *1-2 (W.D.N.Y. July 11, 2018) (ALJ's error classifying the non-examining SDM as a physician was not harmless because the ALJ relied on the opinion in determining plaintiff's RFC); Gray v. Colvin, No. 1:13-CV-00955(MAT), 2015 WL 5005755, at *5 (W.D.N.Y. Aug. 20, 2015) (ALJ erred giving weight to the opinion of the SDM, who was not a medical professional); Buono v. Colvin, No. 14-CV-2388 FB, 2015 WL 4390645, at *2 (E.D.N.Y. July 15, 2015) ("An RFC determination from an SDM - a non-medical professional - is not entitled to weight as a medical opinion").

27. Moreover, an ALJ is not required "explicitly to reconcile every conflicting shred of medical testimony" as long as a reviewing Court finds that ALJ's decision was supported by substantial evidence, as this Court does here. Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) (citing Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981)). The ALJ therefore did not err in not giving weight to Graziano's opinion or reconciling his opinion with the opinions of the physicians who examined Plaintiff.

28. Having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds no error in the ALJ's determination. The decision contains an adequate discussion of the medical evidence supporting the ALJ's determination that Plaintiff was not disabled, and Plaintiff's aforementioned contentions are unavailing. Plaintiff's Motion for Judgment on the Pleadings is therefore denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: June 28, 2021
Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge